JAMES P. SCROGGINS *v.* OLLIE FOSTER.

LANDLORD AND TENANT. *Rent of dwelling house on farm. Lien on agricultural products.*   Code 1892, § 2495.

   The lien given to the landlord on the agricultural products raised on the leased premises to secure his rent, under code 1892, § 2495, is effectual to secure the rent of the dwelling house appurtenant to the farm, as well as the rent of arable lands.

FROM the circuit court of Sunflower county.
HON. F. A. MONTGOMERY, Judge.

Foster, the appellee, was the plaintiff in the court below. The suit was an action of replevin under code 1892, § 2530, providing for the institution of such suit by one whose property has been distrained for rent claimed to be due from another. Scroggins, the landlord, now appellant, was defendant. The facts are sufficiently stated in the opinion of the court.

*Frank Johnston,* for appellant.

While the land, in fixing the rent, was estimated at $6 per acre, and the house at $60, still the lease of the land and house was one entire contract when made. There was but one lease and but one contract. Owning the entire land originally, Scroggins had sold the small lot, about half an acre, on which the house stood, which was a part of the tract, to Baird. When Scroggins leased this small lot from Baird for the year, he, evidently, was the owner, not only of the thirty-two acres, but of the half acre lot and the house on it, and the two formed one entire tract of land, and not separate and detached pieces of land. If Grice had raised cotton on the fraction of an acre inclosed as a yard and garden, it would have been subject to the lien for the whole rent. The fact that cotton was not raised on the yard and garden inclosure is wholly immaterial.

*J. H. Wynn,* for appellee.

The lien on agricultural products in favor of a landlord only arises by virtue of the relation of the parties, and cannot arise by contract. No lien existed for the rent of the town lot—that is, the house—and the facts show that the parties never contemplated any. The rent of the farming land was fixed at one price and that of the house at another.

*W. S. Chapman,* on same side.

Grice owed Scroggins $192, or thirty-two hundred pounds of lint cotton, for the land rent, and $60 dollars for the rent of

the house. . A lien is given by statute on the products of the arable lands to Scroggins, but no lien is given for the rent of the house. Before Scroggins attached the products grown on the arable lands, the debt—rent for the land—had been paid in full and the lien discharged.

TERRAL, J., delivered the opinion of the court.

This is a contest as to the appropriation of the proceeds of three bales of cotton, upon which both Scroggins and Foster claim a lien.

In January, 1898, Scroggins sued out a distress warrant against the estate of J. M. Grice for a balance of $60 rent, which was levied upon three bales of cotton grown by Grice upon the lands rented of Scroggins. Ollie Foster made claim that said three bales of cotton were subject to a lien in his favor, as a laborer in the production of said cotton, to the extent of $80 due him from Grice.

It appeared from the evidence that Grice owed Foster $80 for labor done by him in the year 1897 in the production of said cotton. The cotton was raised on land rented by Grice of Scroggins by a contract made in the fall of 1896. Scroggins owned some forty acres of land, and, proposing to rent a part of it to Grice, the latter stated that if Scroggins would get, of J. R. Baird, a dwelling house adjacent to Scroggins' land, that he, Grice, would rent the house and thirty-two acres of land of him, and would rate the house at $6 per month, or $60 per year, and the land at $6 per acre. Thereupon, Scroggins rented of Baird, for the year 1897, the dwelling house adjacent to the thirty-two acres which he designed to rent to Grice, and, on the ninth day of November, 1896, Scroggins leased said house and thirty-two acres of land to Grice, which contract was evidenced by Grice's note of the tenor following:

"BAIRD, Miss., Nov. 9, 1896.

"$252. November 15, 1897, after date I promise to pay to J. T. Scroggins or order two hundred and fifty-two dollars,

land rent, for the year 1897; or at the option of the holder of this note I agree to pay the same in lint cotton at the rate of one hundred pounds per acre for (32) thirty-two acres, more or less, and sixty dollars for rent of our house.    J. M. GRICE.''

Grice, before the issuance of the distress warrant, had paid to Scroggins all the rent except sixty dollars, and upon this state of facts the court instructed the jury to find for the plaintiff, Foster.    We think the court erred.

As a general rule, agricultural landlords furnish houses for the habitation of their tenants; in many cases the value of the house is small compared with the value of the land, while in some cases the value of the house is comparatively large, yet, in all cases, we think the landlord would have his lien upon the agricultural products for the whole of his rent.    Grice was a man of family, and required a dwelling house for their use, and Scroggins obtained the dwelling house of Baird for the purpose of renting it, with thirty-two acres of his land, to Grice, and, though the house was rated at $60, and the land at $192, yet we see no reason for denying Scroggins his lien for the entire rent upon the agricultural products raised upon the land.

For the year 1897 the dwelling house and land leased by Grice of Scroggins constituted, in our view of it, a farm of the same character as if the dwelling and attached farm were a single and united tract of land.    The verdict should have been in favor of Scroggins.

*Reversed and remanded.*