DALE *v.* WEBB *et al.*

(Division B. March 27, 1933.)

[146 So. 875. No. 30535.]

**J. W. Conger,** of Winona, for appellant.

**W. T. Knox** and **Robertson Horton**, both of Winona, for appellees.

Argued orally by **J. W. Conger**, for appellant, and **Robertson Horton**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant, as trustee in a deed of trust executed by Will Sykes in favor of Sledge and Caffey, brought an action of replevin in the court of a justice of the peace of Montgomery county against appellees for two bales of cotton and some corn, claiming that the cotton and corn were subject to the deed of trust for the payment of the indebtedness thereby secured. There was a trial in the court of the justice of the peace, resulting in a judgment in appellant's favor. From that judgment appellees appealed to the circuit court where there was a trial resulting in a judgment in their favor. From that judgment appellant prosecutes this appeal.

Appellee W. G. Webb owned a farm about a mile and a half from the town of Duckhill. In the latter part of 1930 he rented this farm and a house in the town of Duckhill, to be used in connection with the farm, either to George Elliott alone, or to George Elliott and Will Sykes. There is some conflict in the evidence as to whether he rented it to both, or to Elliott. There was evi-

dence to the effect that Webb rented the farm and the house in Duckhill to Elliott alone, and the latter subrented part of it to Will Sykes; and there was other evidence tending to show that Webb rented the farm and the house to Elliott and Sykes, and that neither was the subtenant of the other. We think this conflict is wholly immaterial. There was no tenant house on the farm land in the country. The contract was that Webb would furnish Elliott alone, or Elliott and Sykes, the house in town to live in at a rental of ninety-six dollars for the year, and the farm in the country to cultivate in cotton and corn for a part of the crops produced thereon. In other words, the evidence showed without conflict that the house in Duckhill and the farm something like a mile and a half out in the country were rented together; the rental for the whole, as stated, being ninety-six dollars for the house, and a part of the crops raised on the land. The evidence showed that the house in Duckhill was necessary to go with the land in order that the latter might be cultivated in crops.

Appellant contends that Webb, the landlord, had no lien on the crops produced on the land for the ninety-six dollars, the rental for the house. We think this question was settled against appellant's contention by the case of Scroggins v. Foster, 76 Miss. 318, 24 So. 194, 195. It was held in that case, under section 2495, Code of 1892, of which section 2186, Code of 1930, is a rescript, that a landlord had a lien on the agricultural products raised on the leased premises not only for the payment of the rent of the arable land, but also for the rent of a dwelling house nearby. In that case the tenant rented from the landlord a farm and a dwelling house adjacent to the farm, agreeing to pay sixty dollars for the year for the dwelling, and six dollars per acre for the arable land. The question was whether or not the landlord had a lien on the agricultural products of the farm to secure not

only the six dollars per acre rent, but also for the sixty dollars, the rental of the dwelling. The court held that the lien on the agricultural products covered both. In deciding the question, the court used this language: "As a general rule, agricultural landlords furnish houses of habitation for their tenants. In many cases the value of the house is small compared with the value of the land, while in some cases the value of the house is comparatively large; yet in all cases, we think, the landlord would have his lien upon the agricultural products for the whole of his rent. Grice was a man of family, and required a dwelling house for their use, and Scroggins obtained the dwelling house of Baird for the purpose of renting it with thirty-two acres of his land to Grice, and, though the house was rated at sixty dollars, and the land at one hundred ninety-two dollars, yet we see no reason for denying Scroggins his lien for the entire rent upon the agricultural products raised upon the land. For the year 1897 the dwelling house and land leased by Grice of Scroggins constituted, in our view of it, a farm of the same character as if the dwelling and attached farm were a single and united tract of land. The verdict should have been in favor of Scroggins."

The fact that the dwelling in that case was "adjacent" to the farm land we do not think distinguishes it on principle from the present case. The question is whether the dwelling rented in connection with the farm land was reasonably necessary to the tenant in order for him to properly carry out his farming operations; whether the dwelling was adjacent to the farm land or some distance from it is immaterial. The evidence in the case showed that Webb, the landlord, in order to rent his farm land, had to furnish a tenant house either in Duckhill or somewhere else to go with it; that without the tenant house he probably could not 'have rented the land. We conclude, therefore, that the ninety-six dollars rental for the dwell-

ing stands exactly like the rent for the farm in the country. The landlord had a lien on the agricultural products for both.

As stated, Will Sykes, who was either a tenant of Webb or a subtenant, procured supplies from Sledge and Caffey with which to make his crop on the land. Sledge and Caffey took a note for his supply debt and a deed of trust on all the crops to be raised on the land by Sykes to secure the indebtedness. Appellant Dale was trustee in the deed of trust. Sledge and Caffey, conceiving that Webb, the landlord, had no lien on Sykes' crop for the rental of the tenant house in Duckhill, and also, contending, as we understand, that the landlord could collect his rent out of other crops produced on the land than the crops of Sykes, brought replevin for the cotton and corn involved in this case, which were produced by Sykes. As above stated, we think it is wholly immaterial whether Sykes was a tenant or a subtenant of Webb; to put it differently, whether Elliott was the main tenant and Sykes was a tenant of Elliott. Section 2186, Code 1930, gives the landlord a lien on all the agricultural products of the leased premises ''however and by whomsoever produced'' for the payment of his rent and supplies, and provides that the lien shall be paramount to all other liens on such products. Webb, the landlord, had a right under the statute to go against any crops produced on the land to collect his rent, regardless of who produced them. Even if Sykes was a subtenant— a tenant of Elliott—his crops, as well as Elliott's, would be subject to the lien of his landlord for his rent and supplies. It is true that a subtenant occupies the relation as surety for the rent due by the tenant, and he has a right to go into a court of equity to compel the landlord to first resort to the property of the tenant. Applewhite v. Nelms, 71 Miss. 482, 14 So. 443. The court held in that case that the lien of the statute extended to all agri-

cultural products of the leased premises by whomsoever produced, but that a subtenant, by reason of the liability of his crop to the lien and to the extent of such liability, occupied the relation of surety for the rent due by the tenant, and was entitled in equity to compel the landlord to first resort to the property of the tenant, the principal debtor, and to preserve whatever securities he might have had from such a tenant in order that the subtenant whose crop was taken for rent might be subrogated thereto.

Sledge and Caffey obtained no greater rights by their deed of trust than Sykes, the grantor therein, had. The only way they could drive Webb, the landlord, off of the crops produced by Sykes, the subtenant, conceding that he was a subtenant, would be by a bill in equity and a showing that the landlord could satisfy his lien from the products of the tenant without resorting to those of the subtenant.

Affirmed.