## PHELPS *v.* PORT GIBSON OIL WORKS.

(Division B. May 16, 1938.)

[181 So. 135. No. 33163.]

**John B. Gee**, of Rolling Fork, for appellant.

Wynn, Hafter & Lake, of Greenville, for appellee.

**W. H. Watkins**, of Jackson, Amicus Curiae.

Argued orally by **John B. Gee,** for appellant, and by **Wm. T. Wynn,** for appellee, and by **W. H. Watkins, Sr.,** amicus curiae.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, complainant in the court below, filed a bill against the appellee, to declare void as to the appellant an assignment made by Henry V. Phelps, Sr., deceased, and joined in by Henry V. Phelps, Jr., and his sister, by which they undertook to assign to the Port Gibson Oil Works a legacy contained in the will of Fanny Willis Johnson in favor of Henry V. Phelps, Sr., known as item 45 of the will hereinafter mentioned, and to have an accounting of moneys paid to the Port Gibson Oil Works under the said assignment. This is the second appearance of this litigation, the first case being reported under the style of Merchants' National Bank & Trust Co. v. Port Gibson Oil Works, 165 Miss. 314, 141 So. 283; in which case it was sought by the Merchants National Bank & Trust Company to have the will construed as to item 45, and to test the validity of the assignment made by Henry V. Phelps, Sr., joined in by Henry V. Phelps, Jr., and his sister, Helen Phelps.

Item 45 of the will of Fanny Willis Johnson reads as follows: ''I hereby give and bequeath unto Harry Vick Phelps, of the Town of Nitta Yuma, in Sharkey county, in the State of Mississippi, upon the terms and conditions hereinafter set forth, the sum of Ten Thousand Dollars ($10,000.00). This gift and bequest shall not be delivered in person to Harry Vick Phelps but shall be placed, in trust, in the Merchants National Bank & Trust Company of Vicksburg, upon the terms and conditions hereinafter set forth, and held, in trust, for his use and benefit. One-tenth of the principal sum, and the income from the whole sum, as it shall decrease from year to year, shall be delivered to him annually. If said principal sum and the income therefrom shall not have been paid to him at his

death the residue thereof shall go to his heirs, share and share alike." The said will was filed for probate October 7, 1931.

After the death of Fanny Willis Johnson, Henry V. Phelps, Sr., who was indebted to the Port Gibson Oil Works, and who owned a plantation in Sharkey county, Miss., sought to obtain approximately the sum of $3000 from the Port Gibson Oil Works, for the purpose of paying the taxes on his plantation. The application for the advance of this money was refused, and Henry V. Phelps, Sr., on account of his financial difficulties at that period, was unable to secure money elsewhere. He then proposed to embrace the debt he already owed the Port Gibson Oil Works in an assignment of the legacy mentioned in item 45 of the will of Fanny Willis Johnson. To this the Port Gibson Oil Works agreed, provided the assignment could be legally made, and Henry V. Phelps, Sr., and Henry V. Phelps, Jr., and Mr. Schillig, president of the Port Gibson Oil Works, consulted an attorney as to the legality of an assignment. It was concluded by the attorney that, if the assignment was made outright, and signed by Henry V. Phelps, Sr., and his living children, Henry V. Phelps, Jr., and Helen Phelps, it could be legally made.

The Merchants National Bank & Trust Company, as trustee, and as an executor of the will, desired that the chancery court should determine that said assignment could be legally and validly made; and suit was accordingly filed in the chancery court, and a decree, dated October 27, 1931, adjudicated that the assignment was legal and valid, and that the assignment operated as a conveyance of full and complete "legal, equitable and valid assignment of all interest that Harry V. Phelps and his present heirs have, and that the title to said property was conveyed and became absolute and vested in the assignee, and whatever rights the said Harry Vick Phelps and his present heirs have now, or claim to have hereafter by virtue of said item Forty-five in said will, vests in the said

Port Gibson Oil Works, and its assignee or assignees, and that the said Harry Vick Phelps and his present heirs, will not have any further interest therein.''

The said final decree was appealed from, and affirmed by this court in the case of Merchants' National Bank & Trust Co. v. Port Gibson Oil Works et al., supra. After the affirmance of this judgment annual installments of the legacy and interest were paid to the Port Gibson Oil Works during the life of Henry V. Phelps, Sr. He died on the 4th day of April, 1936, and Henry V. Phelps, Jr., and Helen Phelps are his heirs at law. The bill filed in the present case alleged that the interest of Henry V. Phelps, Jr., at the time he signed the assignment of said legacy was a mere expectancy, and inalienable; and also set up that the account which Henry V. Phelps, Sr., owed, or which was claimed to be owed, to the Port Gibson Oil Works was much less than the amount stipulated at the time of the execution of the instrument, and that in the taking of the assignment it was intended and represented to be a mere security for the payment of the debt which Henry V. Phelphs owed, and for the tax money, and that usurious interest in excess of 20 per cent. per annum, to-wit 37½ per cent., was charged and embraced in the assignment; and that this rendered the assignment wholly void.

It was further alleged that while the assignment appeared to be an absolute assignment on its face, that Mr. Schillig, representing the Port Gibson Oil Works, represented that it was a mere security for the debt, and money advanced, and that all the Port Gibson Oil Works desired was its money, and that any amount received in excess of the amount necessary to pay the debt would be paid to the assignors, and that they could at any time redeem the assignment, which was really a pledge or security for the debt; that it would be returned to them on payment of the amount due.

There was testimony which tended to sustain the allegation in regard to the agreement that the assignment

was to operate as a mere security or mortgage of the money under item 45 of said will, for the loan to pay taxes and the prior debt of Henry C. Phelps, Sr., to the Port Gibson Oil Works. But it appears that the appellant was a party to the suit of the Merchants' National Bank & Trust Co. v. Port Gibson Oil Works, supra, and procured the chancery court to pass upon and adjudicate as legal and valid the assignment in question, and that it vested the rights of all parties in the Port Gibson Oil Works; that Henry V. Phelps, Sr., Henry V. Phelps, Jr., and Helen Phelps had no interest in the proceeds of item 45 of the will; and that as to them the assignment was valid.

We think that this judgment in the former suit having been procured through the assistance of the appellant, he being a party thereto, is res judicata, as to appellant, of the title to the proceeds of item 45 of the will, embraced in the assignment. We do not deem it necessary to go into the matter with any further elaboration, for we think the chancellor was correct in holding that the former judgment bound the appellant, and in denying him the relief prayed for.

The judgment is therefore affirmed.

Affirmed.